UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DEBRA SMITH,

        Plaintiff,

        v.                                                                          Case No. 04-C-0744

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

        Defendant.

_____

# ORDER

This is an action for judicial review of the final decision of the Commissioner of Social Security, denying plaintiff's application for disability insurance benefits. The plaintiff argues that the Administrative Law Judge ("ALJ") who held a hearing on the plaintiff's claim gave no explanation for his credibility finding and improperly omitted from the RFC the plaintiff's need to elevate her leg throughout the day. Because the ALJ set forth a reasonable justification for rejecting the plaintiff's alleged limitations, the court finds that the ALJ's decision is supported by substantial evidence.

## BACKGROUND

The plaintiff alleges disability since July 2001 because of a congenital right ankle problem. The plaintiff had surgeries performed on her ankle in 1999, July 2001, and March 2002. On April 2, 2003, a hearing was held before ALJ Guy E. Fletcher. Present and testifying at the hearing were the plaintiff, the plaintiff's friend, and a vocational expert. Among other things, the plaintiff testified that she experiences pain in her ankle and that she relieves the pain by elevating and icing her ankle several times a day. On November 21, 2003, the ALJ issued a written decision finding that the plaintiff was not under a disability. The ALJ found that the plaintiff had the residual functional capacity to perform a full range of at least sedentary reduced by the need for a sit/stand option. (Transcript 24.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied her request for review. The plaintiff filed this action in federal court appealing the Commissioner's decision. The issues are fully briefed.

## ANALYSIS

The court reviews an ALJ's decision that an applicant is not disabled for substantial evidence. 42 U.S.C. § 405(g); *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court reviews the record as a whole but does not

reweigh the evidence or substitute its judgment for that of the ALJ. *Jens*, 347 F.3d at 212. However, where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). While written evaluation of every piece of evidence on claim for social security disability benefits is not required, the ALJ must sufficiently articulate his or her assessment of evidence to assure reviewing court that ALJ considered important evidence and to enable court to trace path of ALJ's reasoning. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996).

The plaintiff argues that the ALJ did not adequately assess her credibility; specifically, the plaintiff argues that the ALJ did not explain why he rejected the plaintiff's testimony that she needed to elevate her leg periodically throughout the day.

When evaluating the credibility of subjective complaints, an ALJ determines whether the testimony is substantiated by objective medical evidence. *See Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The other factors that an ALJ considers include: (1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.*; 20 C.F.R.

§ 404.1529(c)(3)(i)-(vii). An ALJ, however, is not required to discuss methodically each *Polaski* consideration, *see Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996), because "[n]o principle of administrative law or common sense requires [the court] to remand a case in quest of a perfect opinion unless there is a reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) ("[W]e give the [ALJ's] opinion a commonsensical reading rather than nitpicking at it.") (internal quotations and citations omitted). Still, the ALJ must articulate the basis of the credibility determination. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (holding that Social Security Ruling 96-7p requires an ALJ to specify reasons for credibility finding); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ."); SSR 96-7p. So long as the ALJ bases his credibility determination on *Polaski* factors and articulates the basis of the determination, his credibility determination is entitled to special deference and will not be disturbed unless it is "patently wrong." *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995); *see also Carradine v. Barnhart*, 360 F.3d 751, 754-756 (7th Cir. 2004)

(reversing ALJ's credibility determination where the ALJ's reasoning contained "serious errors in reasoning" and "deep logical flaws").

Despite the plaintiff's argument to the contrary, the ALJ articulated the reasons why he did not credit the plaintiff's testimony regarding the need to elevate her ankle. First, the ALJ wrote, "While claimant has claimed that she needs to elevate the right leg periodically, the undersigned does not believe that the frequency of such would interfere with claimant's ability to engage in sedentary work." (Tr. 23.) It is questionable, however, whether this statement is supported by the record. When asked what jobs existed that would allow a person to elevate her leg half of the time at work, the vocational expert testified,

> Well, elevating the leg would be an accommodation and is not common in the work – there are no common workstations. So well, you certainly could do that [inaudible] an employer wouldn't mind that much. It would be considered an accommodation.

(Tr. 78.) This statement is ambiguous at best and does not appear to support the ALJ's belief that elevating one's leg periodically would not interfere with the claimant's ability to perform sedentary work.

The ALJ's analysis of the issue, however, did not end there. The ALJ appropriately compared the plaintiff's testimony with the medical evidence in the record. *See Scheck*, 357 F.3d at 703 (considering the objective medical evidence should be one factor in the ALJ's credibility determination). The ALJ noted that

the treatment records do not reference the plaintiff's need to elevate her leg. (Tr. 23) ("There is little if any reference to such need to elevate the leg in any of the treatment records provided.") The plaintiff does not contradict this statement. The ALJ also noted that the plaintiff's testimony regarding the need to elevate her leg is inconsistent with her intermittent visits to her physician since August 2002. (Tr. 23) ("In fact, after August 2002, nothing further is provided in the way of treatment records with presumably claimant's visits to either Dr. Guehlstorf or her regular physician intermittent at best since then.") In other words, an incapacitating degree of pain is not supported by the medical records. *See Sienkiewicz v. Barnhart*, – F.3d –, 2005 WL 1274279, \*5 (upholding an ALJ's credibility determination that was based in part upon an observation that the plaintiff sought medical treatment seven times in eight years and never sought treatment for allegedly disabling headaches). The ALJ appropriately considered other factors relevant in making a credibility determination, including the plaintiff's daily activities. *See* 20 C.F.R. §§ 404.1529(c)(3)(I) (daily activities are a relevant factor in evaluating credibility). In the same paragraph, the ALJ also stated that "[c]laimant's current activities, including part-time cooking work and various household tasks, would certainly be consistent with some degree of sedentary and in fact even some degree of light work." (Tr. 23.) The plaintiff does not contradict this statement. Earlier in the ALJ's opinion, the ALJ noted

that the plaintiff currently works part-time as a cook at an area church, averaging four hours per day, four days per week. (Tr. 22.) Based upon all of these considerations, the ALJ concluded, "[w]hile claimant may have some degree of pain and limitation it is not as severe or limiting as she has alleged with some degree of exaggeration present." (Tr. 24.)

Although the ALJ could have cited to more evidence from the record in the paragraph specifically discussing the plaintiff's credibility with respect to her ankle pain, the ALJ articulated the basis of his conclusion and recounted facts that were relevant to credibility. The ALJ compared the claimant's testimony with her treatment notes, her intermittent medical visits since August 2002, her daily activities, and her past work history. The plaintiff argues that her testimony is consistent with the other medical evidence in the case, but the court cannot conclude that the ALJ's credibility determination is "patently wrong." *Powers*, 207 F.3d at 435.

Because the ALJ's findings are supported by substantial evidence, the court denies the plaintiff's appeal of the Commissioner's decision to deny the plaintiff DIB and SSI benefits.

Accordingly,

IT IS ORDERED that the plaintiff's appeal of the Commissioner's decision be and the same is hereby DENIED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this   26th   day of July, 2005.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge